UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NOMSA DURHAM,

      Plaintiff,

v.

                                             Case No:  16-12785
                                             Honorable Victoria A. Roberts

MAKOWER, ABBATE AND ASSOCIATES,
PLLC and THE PARKS AT STONEGATE
POINTE CONDOMINIUM ASSOCIATION

      Defendants.

_____/

## ORDER DENYING DEFENDANT MAKOWER, ABBATE AND ASSOCIATES, PLLC'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

## I.     INTRODUCTION

Before the Court is Makower, Abbate and Associates, PLLC's ("Makower") Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6). The motion is **DENIED**.

## II.    BACKGROUND

This case arises from Makower's collection of a debt owed by Plaintiff Nomsa Durham ("Durham") to Defendant The Parks at Stonegate Pointe Condominium Association ("Association").

Durham owns a condominium at The Parks and is a member of the Association. She defaulted on the annual assessment fee owed to the Association. To collect the debt, the Association retained Makower, a law firm regularly engaged in collection practices. Durham says she and her husband attempted to make payments, which the Association refused to accept. In May 2016, the Association filed suit in state court against Durham to recover the debt. On May 18, 2016, Durham received a collection letter from Makower. Attached to the

letter is a statement of account summary, with a balance of $1,486.95, representing attorney fees, court costs, interest, late fees, and the assessment amount owed as of May 31, 2016.

Durham says Makower inaccurately and excessively generated this amount. The Complaint alleges 3 counts: Count 1—Violation of the Fair Debt Collection Practice Act ("FDCPA") by Makower; Count 2—Violation of the Michigan Collection Practices Act ("MCPA") by Defendants; and Count 3—Violation of the Michigan Occupational Code by the Association.

Makower's motion contains several exhibits. Makower argues that Durham fails to state a claim under the FDCPA because: (1) the condominium bylaws authorize Makower to charge attorney fees and other collection costs, and the statute allows for such charges as long as Makower explains how the charges are included in the total amount due; and (2) the doctrine of collateral estoppel prohibits Durham from re-litigating issues resolved in prior state court proceedings. Makower also asks the Court to dismiss the MPCA claim against it. Makower says: (1) the Court should decline to exercise supplemental jurisdiction once it dismisses all federal claims; and (2) Makower is not a "regulated person" under the MPCA.

In her response, Durham says: (1) she has pled sufficient facts to state a plausible claim for relief under the FDCPA; (2) collateral estoppel does not bar her claim; (3) the Court should exercise its supplemental jurisdiction over her state claim; (4) Makower is a "regulated person" under MPCA; and (5) if required, Durham wants to amend her complaint to allege facts to further support her MPCA claim.

### III.    STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(6) allows for dismissal when a plaintiff fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, 'to establish a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice")(quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft*, 556 U.S. at 678.

### IV.    ANALYSIS

### A.  DURHAM SUFFICIENTLY PLEADS A CLAIM UNDER THE FDCPA.

Makower says Durham fails to state a claim because the Association bylaws authorize Makower to charge the disputed collection fees and Makower provided a clear explanation of how those fees contributed to the debt. In support of this argument, Makower attached several exhibits, including the Association's bylaws. Durham says that Makower cites matters outside the Complaint, and that she has pleaded sufficiently to survive a Rule 12(b)(6) motion.

When presented with a Rule 12(b)(6) motion, the Court may consider the Complaint and any attached exhibits, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims. *See Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001). Otherwise, when matters outside pleadings are presented to and considered, a court must treat a motion to dismiss for failure to state a claim as a motion for summary

judgment under Fed. R. Civ. P. Rule 56. *See Tackett v. M & G Polymers, USA, LLC,* 561 F.3d 478 (6th Cir. 2009). Except to mention the state court action and the May 18 letter, Durham's Complaint does not refer to any other exhibits that Makower attaches. Its exhibits are matters outside the pleadings, and the Court declines to consider them at this juncture.

Durham's Complaint sufficiently pleads an FDPCA claim. Durham says the debt she owes to the Association arises out of a transaction entered primarily for personal, family, or household purposes. Compl. ¶ 7; she alleges she is a "consumer" under FDCPA. Compl. ¶ 21; *see* 15 U.S.C. §1692a(3); and, she alleges. Makower, retained by the Association to collect the debt, is a "debt collector" under the FDCPA. Compl. ¶ 21; *see* 15 U.S.C. §1692a(6). Durham also alleges that Makower violated the provisions of the FDCPA by attempting to collect future costs that Durham did not owe, per 15 U.S.C. §§ 1692e(2)(A); 1692(f)(1). Compl. ¶ 13–16, 22.

Durham has sufficiently pleaded FDPCA violations.

### B. MAKOWER FAILS TO SHOW THAT COLLATERAL ESTOPPEL APPLIES.

Makower argues that the doctrine of collateral estoppel bars Durham from re-litigating issues from prior state court proceedings because Durham had a fair opportunity to contest the collection fees but failed to do so. Makower attaches the filings and default judgment order from the state court action. Durham's complaint does make reference to these documents.

Durham argues that because the Association obtained a default judgment against her, the issues before the state court were not "actually litigated." She says collateral estoppel does not bar her claims. In its reply, Makower says Durham's argument fails

because under Michigan law, default judgment has the same preclusive effect as any other judgment.

Under the Full Faith and Credit Act, 28 U.S.C. § 1738, "[f]ederal courts must give the same preclusive effect to a state-court judgment as that judgment receives in the rendering state." *Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 816–17 (6th Cir. 2010) (quoting *Abbott v. Michigan,* 474 F.3d 324, 330 (6th Cir. 2007)). The doctrine of collateral estoppel, known as issue preclusion, provides that "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude re-litigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen v. McCurry,* 449 U.S. 90, 94 (1980). The doctrine is intended to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and by preventing inconsistent decisions, encourage reliance on adjudication." *Id.* The party invoking issue preclusion bears the burden to prove that the doctrine applies. *Cent. Transp., Inc. v. Four Phase Sys., Inc.*, 936 F.2d 256, 260 (6th Cir. 1991).

Under Michigan law, issue preclusion applies when: (1) a question of fact essential to the judgment (in the second action) must have been actually litigated and determined by a valid and final judgment (in the first action), (2) the same parties must have had a full and fair opportunity to litigate the issue, and (3) there must be mutuality of estoppel. *Holton v. Ward*, 303 Mich. App. 718, 731 (2014) (citing *Monat v. State Farm Ins. Co.*, 469 Mich. 679, 684–85 (2004)).

Makower does not identify any factual questions to which collateral estoppel should apply. Additionally, Makower does not explain to the Court how the mutuality requirement

is met, since Makower was not a party to the first suit. Makower does not show that the collateral estoppel doctrine applies.

### C. THE COURT WILL EXERCISE SUPPLEMENTAL JURISDICTION OVER THE STATE CLAIM.

Since the Court declines to dismiss Durham's FDCPA claim, it will continue to exercise jurisdiction over the MCPA claim for the time being.

### D. MAKOWER IS A REGULATED PERSON UNDER THE MPCA.

Makower contends that Durham's MCPA claim fails because it is not a "regulated person" under the Act. MICH. COMP. LAWS § 445.252. It relies on an unpublished federal district court opinion in *Stolicker v. Muller, Muller, Richmond, Harms, Myers, and Sgroi, P.C.*, No. 1:04-733, 2005 WL 2180481 (W.D. Mich. Sept. 9, 2005).

Contrary to Makower's assertions, courts in this district have held that a "law firm and its employees 'fit squarely within the definition of a "regulated person" under the MCPA. *Newman v. Trott & Trott, P.C.,* 889 F. Supp. 2d 948, 966–67 (E.D. Mich. 2012); *see also Baker v. Residential Funding Co., LLC,* 886 F. Supp. 2d 591, 599 (E.D. Mich. 2012); *Misleh v. Timothy E. Baxter & Associates,* 786 F. Supp. 2d 1330, 1337–38 (E.D. Mich. 2011); *Ward v. G. Reynolds Sims & Assoc.,* No. 12–CV–12078, 2013 WL 364012, at *3–4 (E.D. Mich. 2013); *Wilson v. Trott Law, P.C.*, 118 F. Supp. 3d 953, 965 (E.D. Mich. 2015). Makower's argument lacks merit.

## V.   CONCLUSION

Makower, Abbate and Associates, PLLC's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) is **DENIED**.

**IT IS ORDERED.**

/s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  December 7, 2016

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on December 7, 2016.

s/Linda Vertriest
Deputy Clerk